UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ERSALA JARMON, #650979,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-24-CV-00218-XR** |
| **v.** | § | |
| | § | |
| **COMAL COUNTY JAIL, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is *pro se* Plaintiff Ersala Jarmon's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2). Jarmon is currently incarcerated in the Comal County Jail in New Braunfels, Texas. (ECF No. 1).

After reviewing Jarmon's IFP Application, the Court has determined her request to proceed IFP should be **GRANTED**. (ECF No. 2). Jarmon's Complaint is accepted by the Court without prepayment of fees, costs, or security. (ECF No. 1).

The Clerk of the Court ("the Clerk") is directed to mail a copy of this Order to:

Comal County Sheriff's Office
Attn: Fiscal
3000 IH-35 South
New Braunfels, TX   78130

**LEGAL STANDARD**

Although a prisoner is not required to prepay her filing fees, a prisoner who brings a civil lawsuit IFP is subject to paying an initial partial filing fee, and thereafter, monthly payments until the total **$350.00** filing fee is paid in full.[1] *See* 28 U.S.C.§ 1915(b); *Bruce v. Samuels*, 577 U.S.

---

[1] Normally, the filing fee for any civil action or proceeding is $405.00; however, this includes an administrative fee of $55.00, which is waived when a prisoner is granted IFP status. *See* Fee Schedule – U.S. District Court (uscourts.gov)

82, 84 (2016); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (holding every IFP litigant is liable for filing fee, "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees."). The Court does not have the authority to waive the filing fee; it remains due despite a plaintiff's IFP status. *Robbins*, 104 F.3d at 898.

## I.     Initial Partial Filing Fee

The Court is required to "assess and, when funds exist, collect," an initial partial filing fee of "20 percent of the greater of the average monthly deposits to the prisoner's account; or the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint." *See* 28 U.S.C. § 1915(b)(1)(A)(B).

In this case, the Court has determined **Jarmon need not pay an initial partial filing fee**.

## II.    Remaining Filing Fee Monthly Deductions

"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk each time the amount in the account exceeds $10.00 until the filing fees are paid." *Id.* § 1915(b)(2).

Here, each month, until the fee is paid in full, the Comal County Jail trust fund custodian must deduct 20 percent of the preceding month's income credited to Jarmon's institutional trust fund account and forward it to the U.S. Clerk of Court, 262 W. Nueva, Suite Number 1–400, San Antonio, Texas 78207, referencing the case number stated in the style of this Order.

---

(last visited Mar. 12, 2024); District Court Miscellaneous Fee Schedule | United States Courts (uscourts.gov) (last visited Mar. 12, 2024).

**IT IS THEREFORE ORDERED** that Jarmon's Application to Proceed IFP (ECF No. 2) is **GRANTED**.

**IT FURTHER ORDERED** that each month, until the fee is paid in full, the Comal County Jail trust fund custodian must deduct 20 percent of the preceding month's income credited to Jarmon's institutional trust fund account and forward it to the U.S. Clerk of Court, 262 W. Nueva, Suite Number 1–400, San Antonio, Texas 78207, referencing the case number stated in the style of this Order.

Jarmon is advised that payment of all or part of the filing fee will not prevent the Court from dismissing a complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). If a complaint is dismissed on any of the foregoing grounds prior to payment of the entire filing fee, Jarmon must still pay the entire $350.00 filing fee.

Jarmon is further advised that it is her responsibility to keep the Court informed of any change of address. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion for any other relief. Failure to file a change of address notice may also result in the dismissal of Jarmon Complaint or any future amended complaint for failure to prosecute. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 12th day of March, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE